UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. DEMUTH,

                              Plaintiff,

   v.                                                                 9:18-CV-00813
                                                                                     (BKS/ML)

LT. CHRIS MILES, SR. and Under Sheriff FRAIR,

                              Defendants.
_____

APPEARANCES:

MICHAEL A. DEMUTH
19-B-1439
Plaintiff, *pro se*
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

OFFICE OF FRANK W. MILLER        FRANK W. MILLER, ESQ.
Attorney for Defendants
6575 Kirkville Road
East Syracuse, NY 13057

**MIROSLAV LOVRIC**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff *pro se* Michael Demuth ("Demuth" or "Plaintiff"), commenced this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Dkt. No. 1 ("Compl."). Presently before the Court is Defendants' motion for summary judgment and dismissal of the Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. No. 33. Demuth

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

opposed the motion and Defendants submitted a reply. Dkt. Nos. 38, 39. For the following reasons, it is recommended that Defendants' motion for summary judgment be granted.

## I. BACKGROUND

### A. Facts[2]

At the time of the incidents described in the Complaint, Demuth was incarcerated at Chenango County Correctional Facility ("Chenango County C.F."). *See generally*, Dkt. No. 1.

On June 21, 2018, Demuth submitted a request for documents pursuant to the Freedom of Information Act ("FOIA"). Dkt. No. 33-4 at 4, 10; Dkt. No. 33-10 at ¶ 8; Dkt. No. 33-12 at 2-3.[3] Demuth requested information related to "when the sheriff's department was at [his] house." Dkt. No. 33-4 at 4. Demuth testified that he did not receive a response to that request.[4] *Id*. at 5, 7, 9, 10, 12.

On July 3, 2018, Demuth submitted a second request for documents pursuant to FOIA related to an arrest and stolen property. Dkt. No. 33-4 at 6; Dkt. No. 33-10 at ¶ 10; Dkt. No. 33-14 at 2-3. Demuth received a response to this request. Dkt. No. 33-4 at 6, 7; Dkt. No. 33-10 at ¶¶ 11, 12, 13; Dkt. No. 33–15 at 3-7; Dkt. No. 33-16; Dkt. No. 33-17.

On July 9, 2018, Demuth completed an "Informal Inmate Complaint" (#18-327) alleging

---

[2] Defendants annexed exhibits to the motion. Dkt. No. 33-3 through Dkt. No. 33-17. Plaintiff does not object or challenge the authenticity of the documents. Therefore, the Court will consider the exhibits in the context of the within motion. *See U.S. v. Painting known as Hannibal*, No. 07-CV-1511, 2010 WL 2102484, at *1, n.2 (S.D.N.Y. May 18, 2010) (citing *Daniel v. Unum Provident Corp.*, 261 F. App'x 316, 319 (2d Cir. 2008) ("[A] party is not required to authenticate documents on a summary judgment motion where, as here, authenticity is not challenged by the other party)). In light of the procedural posture of the case, the following recitation is derived from the record now before the Court, with all inferences drawn and ambiguities resolved in non-moving party's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[3] Citations to page numbers refer to the pagination generated by CM/ECF, not the page numbers generated by the parties.

[4] Defendants dispute this contention. Dkt. No. 33-10 at ¶ 9; Dkt. No. 33-12 at 2-6.

2

that he submitted "numerous "FOIA forms with no response[.]" Dkt. No. 33-4 at 10-11; Dkt. No. 33-8 at 2.  On the same day, the complaint was signed by an officer and "shift supervisor".  Dkt. No. 33-8 at 2.  Demuth explained:

> The jail administrator is suppose [sic] to get back to you within five bussiness [sic] days.  Therefore I am being denied my right to information that pertains to my case.  I have submitted two request[s] with no answer.  Therefore[,] [I] submitted civil complaint to District Court in Syracuse pertaining to the issue.

Dkt. No. 33-8 at 2.

On July 9, 2018, Plaintiff also completed a "Inmate Grievance Form" (#18-888) and referred to his informal complaint.  Dkt. No. 33-9 at 2.  In the grievance, Demuth explained:

> To obtain the information requested by submitting the proper FOIA request, I have since filed [a] complaint in U.S. District Court in Syracuse as to the mishandling of the FOIA [A]ct[,] pending court action.

Dkt. No. 33-9 at 2.

On July 10, 2018, the formal grievance was received.  Dkt. No. 33-9 at 2.  On July 11, 2018, Sergeant White ("White")[5], the Grievance Coordinator, issued a decision denying the grievance.  *Id*.; Dkt. No. 33-4 at 11.  White advised:

> After speaking with Patrol Lt. Gould[6], your FOIL request has been approved and is in the process of being filed.  As soon as the requested information is gathered, your request will be forwarded to you.

Dkt. No. 33-9 at 2.

On July 11, 2018, Demuth agreed to accept the decision.  Dkt. No 33-9 at 3; Dkt. No. 33-

---

[5] White is not a defendant in this action.

[6] Gould is not a defendant in this action.

4 at 11-12.

## B. Procedural History

On July 11, 2018, the Court received Demuth's Complaint, signed on July 7, 2018. Dkt. No. 1. Upon review of the Complaint, the Court directed Lieutenant Chris Miles, Sr. ("Miles") and Under Sheriff Frair ("Frair") to respond to the First Amendment retaliation claims related to the FOIA requests. Dkt. No. 12 at 14. On December 3, 2018, Defendants filed an Answer to the Complaint.[7] Dkt. No. 18. On May 17, 2019, Demuth was deposed. Dkt. No. 33-4 at 2. On August 19, 2019, Defendants filed the within motion pursuant to Fed. R. Civ. P. 56 seeking judgment as a matter of law. Dkt. No. 33.

## II. MOTION FOR SUMMARY JUDGMENT[8]

Defendants move for summary judgment arguing that a violation of New York's FOIA does not give rise to a federal claim. *See* Dkt. No. 33-18 at 11-12. Defendants also move for summary judgment and dismissal of Demuth's retaliation claims for lack of exhaustion of his administrative remedies. *See id*. at 10-11. In the alternative, Defendants contend that there are no disputed issues of fact precluding summary judgment on the retaliation claims and, further, that Defendants are entitled to qualified immunity. *See id.* at 13-21.

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it was supported by affidavits or other suitable evidence, and the moving party

---

[7] In the Answer, Defendants pleaded, *inter alia*, the affirmative defense that Demuth failed to exhaust his administrative remedies. Dkt. No. 18 at ¶ 8.

[8] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to Plaintiff.

is entitled to judgment as a matter of law. The moving party bears the burden of demonstrating the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 248 (1986).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. Fed. R. Civ. P. 56; *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Furthermore, where, as here, a party seeks judgment against a *pro se* litigant, a court must afford the non-movant special solicitude. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir.

2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

*Id.* (citations and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–92 (2d Cir. 2008). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

### B. N.D.N.Y. Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a party moving for summary judgment to file and serve a Statement of Material Facts. *See* N.D.N.Y. L.R. 7.1(a)(3). "The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." *Id*. The opposing party is required to file a response to the Statement of Material facts "admitting and/or denying each of the movant's assertions in matching numbered paragraphs." *Id*. "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *Id*. (emphasis omitted).

Here, Demuth filed a one-page response to Defendants' motion and did not respond to Defendants' Statement of Material Facts. *See* Dkt. No. 38. Defendants argue that because Demuth failed to respond to the Statement of Material Facts, with citations to the record or

other evidence to substantiate his denials, the facts set forth in their Statement of Material Facts must be deemed admitted.  *See generally* Dkt. No. 39.

Although the Local Rules provide, that the Court shall deem admitted any facts the non-moving party fails to "specifically controvert," pro se plaintiffs are afforded special solicitude in this District and within the Second Circuit.  N.D.N.Y. L.R. 7.1(a)(3); *see* subsection II.A.1 *supra*.  In light of Plaintiff's pro se status, the Court reviewed the entire summary judgment record in order to ascertain the undisputed material facts.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules").

Defendants also argue that Demuth's response is not an affidavit and his statements were not notarized.  Dkt. No. 39 at 2.  A copy of portions of Demuth's deposition transcript was annexed as an exhibit to Defendants' motion.  Dkt. No. 33-4.  Additionally, "[a] verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist . . . "[9]  *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted).  Consequently, the facts set forth in Defendants' Rule 7.1 Statement of Material Facts are accepted as true as to those facts that are not disputed by Demuth's sworn testimony or facts set forth in the verified Complaint.  N.D.N.Y .L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

### III. DISCUSSION

---

[9]     Demuth's Complaint was properly verified by declaration under 28 U.S.C. § 1746.  Compl. at 3; *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999) (holding that use of the language "under penalty of perjury" substantially complies with 28 U.S.C. §1746).

### A. Claims Under FOIL

To the extent that the Complaint could be construed to include claims under Section 1983 for violations of New York's FOIA, the Court recommends granting Defendants' motion to dismiss this claim. "[T]he only constitutional claim arising from alleged FOIL violations is one of a deprivation of property under the Due Process Clause of the Fourteenth Amendment." *Gantt v. Racicot*, No. 10-CV-1526, 2011 WL 484197, at *1 (N.D.N.Y. Jan. 7, 2011). For a due process claim to succeed, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Blount v. Brown*, No. 10-CV-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (quoting *Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988)). However, "several courts in th[is] Circuit have held, 'a plaintiff has no property interest in obtaining FOIL documents.' " *Id.* (alteration in original) (quoting *Lawrence v. Baxter*, No. 03-CV-228, 2004 WL 1941347, at *3 (W.D.N.Y. Aug. 31, 2004), *aff'd*, 139 F. App'x 365 (2d Cir. 2005)).

Accordingly, the Court recommends granting Defendants' motion on this ground.

### B. First Amendment Retaliation Claims

#### 1. Exhaustion of Available Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 82 (2006). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. *Id*. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted). Defendants bear the burden of establishing that a prisoner failed to satisfy the exhaustion requirement. *See id.* at 216.

At the relevant time, Chenango County C.F. maintained procedures related to inmate complaints. Dkt. No. 33-5 at ¶ 4; Dkt. No. 33-6. First, the inmate must "[a]ttempt to reach a solution with the Corrections Officer assigned to [his] Housing Unit." Dkt. No. 33-6 at 27. Second, the inmate may request an Informal Complaint Form, which must be filed within five days of the date of the occurrence. *Id.* However, "[t]he grievant has the option to use the Informal Grievance process or move directly to the Formal Grievance Process." *Id*. Within five business days, the inmate will receive a written determination from the Investigating Grievance Officer. *Id*. If the inmate is not satisfied with the determination, he may appeal the determination to the Jail Administrator, or his or her designee, within two days. Dkt. No. 33-6 at 27. The Jail Administrator responds within five business days. *Id.* Finally, the inmate may appeal to the Citizen's Policy and Complaint Review Council ("CPCRC"), which responds within forty-five days. *Id*. at 27-28.

### a. Failure to Exhaust

Defendants argue that because Demuth "accepted" the denial of his grievance and did not appeal the Jail Administrator's decision, he did not complete the grievance process. *See*

Dkt. No. 33-18 at 10-11.

It is undisputed that the Chenango County C.F. has an inmate grievance procedure that is explained in the Inmate Rule Book. Dkt. No. 33-5 at ¶ 4; Dkt. No. 33-6 at 26-28. A copy of the Rule Book is provided to an inmate when he enters Cayuga County C.F. Dkt. No. 33-5 at ¶ 3. In support of the motion, Defendants provide an affidavit from Christopher LaCotta ("LaCotta"), the Grievance Officer for Chenango County C.F. Dkt. No. 33-5. LaCotta avers that, on July 9, 2018, Demuth filed a formal grievance related to his FOIA requests. *Id.* at ¶ 9. On July 11, 2018, the grievance was denied "on the merits" and Demuth accepted the decision. *Id*. at ¶¶ 10, 11. There is no record of Demuth appealing to the CPCRC. *Id*. at ¶ 15. Demuth has not come forward with any evidence to contradict LaCotta's assertions. Accordingly, the record establishes that Demuth did not fully exhaust his administrative remedies.

Moreover, based upon the record before the Court, the grievances did not encompass Plaintiff's retaliation claims against Miles or Frair. A grievance "must place defendants on notice of what, substantively, is claimed in order to permit a proper investigation." *Messa v. Woods*, No. 9:07-CV-306, 2009 WL 3076120, at \*6 (N.D.N.Y. Sept. 23, 2009) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)). Demuth's informal complaint and grievance lack any reference to Miles and/or Frair or allegations of retaliatory conduct. *See* Dkt. No. 33-8 at 2; Dkt. No. 33-9 at 2. Thus, the grievances failed to put Defendants on notice of a retaliation claims and allow a proper investigation as to that claim. *See Messa*, 2009 WL 3076120, at \*6 (granting the defendants' motion for summary judgment on the basis of exhaustion where the plaintiff's grievance failed to put the defendants' on notice of

10

claims against them); *see also Johnson v. Schiff*, No. 9:11-CV-0531 (MAD/TWD), 2013 WL 5465978, at *8 (N.D.N.Y. Sept. 10, 2013) (although the plaintiff filed a grievance in Chenango County related to a transfer, the grievance did not mention a failure to protect claim).

As there is no dispute that Plaintiff failed to exhaust his administrative remedies, the Court must assess whether administrative remedies were available to Plaintiff. *See Scott v. Kastner-Smith*, 298 F.Supp.3d 545, 554 (W.D.N.Y. 2018) (concluding that the plaintiff failed to exhaust his administrative remedies because he did not file any appeal with the CPCRC that related to the alleged incident).

### b. Availability of Administrative Remedies

A prisoner's failure to exhaust administrative remedies may be excused if remedies were unavailable to the inmate. *Ross*, 136 S.Ct. at 1858 ("An inmate [. . .] must exhaust available remedies, but need not exhaust unavailable ones."). There are three potential circumstances where administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 136 S.Ct. at 1858-1861).

Construing the pro se plaintiff's opposition to summary judgment to raise the strongest arguments, Demuth argues that the grievance process was unavailable because prison

11

administrators misrepresented the status of his FOIA request. *See* Dkt. No. 38; *see Belpasso v. Port Auth. of New York & New Jersey*, 400 Fed. App'x 600, 601 (2d Cir. 2010) (citation omitted).

"Administrative remedies are not 'available' if prison officials "interfere[ ] with an inmate's pursuit of relief" by misleading him to think that he has done everything necessary to initiate the grievance process[.]" *Riles v. Buchanan*, 656 Fed. App'x 577, 580 (2d Cir. 2016) (citation omitted); *see also Thousand v. King*, No. 9:17-CV-1003 (BKS/TWD), 2019 WL 5197311, at *7 (N.D.N.Y. June 21, 2019), *adopted in part, rejected in part*, 2019 WL 4183887 (N.D.N.Y. Sept. 4, 2019) (finding that the grievance process was unavailable because prison officials misled the plaintiff with inconsistent information related to appropriate appeals process for a complaint related to a disciplinary hearing). "There may be circumstances [. . .] in which an inmate is foreclosed from submitting a grievance by virtue of a concurrent administrative investigation," rendering the grievance procedure unavailable. *Kearney v. Gebo*, 713 Fed. App'x 39, 42 (2d Cir. 2017) (the plaintiff argued that the grievance process was "unavailable" because he "was assured that [the Inspector General's Office] was investigating his complaint—suggesting, he claims, that no more was required."); *see also Walters v. Carpenter*, No. 02 CIV. 0664, 2004 WL 1403301, at *3 (S.D.N.Y. June 22, 2004) (reasoning that a prisoner's failure to complete grievance process may be excused if prison officials make "repeated misrepresentations to the prisoner assuring him that they are investigating his complaints").

Here, Demuth contends that he accepted the grievance based upon White's representation that his FOIA requests were approved and that, "[a]s soon as the requested

12

information is gathered, your request will be forwarded to you." Dkt. No. 33-9 at 2. Demuth testified that he never received the information and stated, "[h]ad I received the information and had it, I wouldn't have filed a complaint." Dkt. No. 33-4 at 12. Demuth's assertions are however, contradicted by his actions and the admissible record.

On July 7, 2018, Demuth signed the Complaint for the within action. *See* Compl. at 3. Two days later, on July 9, 2018, Demuth initiated the grievance process by filing his informal complaint and formal grievance. Dkt. No. 33-8 at 2; Dkt. No. 33-9 at 2. On July 10, 2018, the federal Complaint was mailed to the Court. See Compl. at 4. On July 11, 2018, Demuth received White's decision and accepted the determination. Dkt. No. 33-9 at 2-3. On the same day, Demuth's federal Complaint was received by the Court. Thus, according to the record before the Court, Demuth filed the Complaint two days before he commenced the grievance process and four days before he received White's decision. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining the "prison mailbox rule" which deems the date of filing to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2011). Indisputably, Demuth was not aware of White's decision or the outcome of his grievance when he filed the Complaint in this action. Thus, he cannot reasonably argue that he abandoned the grievance process due to misrepresentations in White's response. Even assuming Demuth was confused or misled by White's statement, the facts do not suggest that the "assurances" that Demuth received "thwarted" him "from pursuing grievance procedures through machination, misrepresentation, or intimidation." *See Kearney*, 713 Fed. App'x at 39 (rejecting the plaintiff's "unavailability" argument because the facts of the case did not suggest that the pendency of an investigation precluded him

13

from filing a grievance).

In sum, because Plaintiff fails to plausibly present questions of fact regarding his failure to exhaust his remedies related to a retaliation claim against Defendants, it is recommended that Defendants' Motion for Summary Judgment and dismissal of the retaliation claims be granted on this ground.[10] Because "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw," and "[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner. . . can cure the defect by exhausting [the available remedies] and reinstating his suit." *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003) (amended 2004) (quoting *Snider v. Melindez*, 199 F.3d 108, 111–12 (2d Cir. 1999) ). In this case, the alleged incidents in the underlying action occurred in 2018 and thus, are still within the applicable statute of limitations.

### III.  CONCLUSION

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 33) be **GRANTED**; and it is further

**RECOMMENDED** that the Complaint be **DISMISSED without prejudice**; and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[11] days within which to

---

[10]   Because the Court recommends granting Defendants' motion for summary judgment based upon failure to exhaust, the Court does not reach Defendants' alternative arguments related to the merit of Demuth's retaliation claims.

[11]   If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday,

file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

DATED:  January 21, 2020

_____
Miroslav Lovric
U.S. Magistrate Judge

---

Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(c).