**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL A. DEMUTH,

          Plaintiff,      9:18-cv-0813 (BKS/ML)

v.

LT. CHRIS MILES, SR., *Jail Administrator*, and
FRAIR, *Under Sheriff*,

          Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Michael A. Demuth
19-B-1439
Collins Correctional Facility
PO Box 340
Collins, NY 14034

*For Defendants:*
Frank W. Miller, Esq.
Office of Frank W. Miller
6575 Kirkville Road
East Syracuse, NY 13057

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff pro se Michael Demuth brought this action under 42 U.S.C. § 1983 against Chenango County Under-Sheriff Frair and Chenango County Jail Administrator Miles for alleged violations of Plaintiff's constitutional rights. (Dkt. No. 1). On August 19, 2019, Defendants moved for summary judgment arguing, inter alia, that the action should be dismissed because Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 33). Plaintiff filed a

response in opposition to the motion, to which the Defendants replied. (Dkt. Nos. 38, 39). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on January 21, 2020, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted and that Plaintiff's complaint be dismissed without prejudice. (Dkt. No. 45). On January 29, 2020, Plaintiff filed an objection to the Report-Recommendation. (Dkt. No. 46). For the reasons set forth below, the Court adopts the recommendation to grant the motion and dismiss the complaint without prejudice.

## II. Standard of Review

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

Plaintiff alleges that he submitted requests for documents under the Freedom of Information Act while confined at Chenango County Correctional Facility, but that the requests

were not timely answered by Defendant Chenango County Under-Sheriff Frair or Defendant Jail Administrator Miles. (Dkt. No. 1). Plaintiff alleges that Defendants delayed responding to his requests in retaliation for lawsuits he has filed in this district concerning his confinement in the facility. (*Id.*). After reviewing the complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court found that Plaintiff's First Amendment "retaliation claim arising from allegations that defendants Miles and Frair delayed in fulfilling FOIA requests [wa]s sufficiently stated to survive review under Sections 1915(e)(2)(B) and 1915A(b)(1)" and directed Defendants to respond to that claim. (Dkt. No. 12, at 6, 14).

Defendants have moved for summary judgment arguing, inter alia, that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 33-18). Magistrate Judge Lovric agreed, noting that the Chenango County Correctional Facility has an inmate grievance procedure, and that the grievance Plaintiff submitted failed to put Defendants on notice of his retaliation claim. (Dkt. No. 45, at 10). In his grievance and informal complaint, Plaintiff sought a response to his FOIA requests. (Dkt. No. 33-8; Dkt. No. 33-9). The grievances did not contain any reference to Miles or Frair, any reference to Plaintiff's lawsuits, or any allegations of retaliatory conduct. Magistrate Judge Lovric concluded that Plaintiff failed to exhaust his administrative remedies because the grievances failed to put the defendants on notice of a retaliation claim and allow a proper investigation as to that claim. (Dkt. No. 45, at 10). *See Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) ("In order to exhaust . . . inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.").

Plaintiff has filed a one-sentence objection to the Report-Recommendation, objecting "to the decision as I did not receive the FOIL request that this complaint was lodged about." (Dkt.

No. 46). This assertion is, however, irrelevant to the failure-to-exhaust analysis. Because Plaintiff failed to raise a proper objection, aimed at a particular finding in the Report-Recommendation, the Court's review is for plain error. The Court concurs in Magistrate Judge Lovric's determination that Plaintiff's grievances failed to put Defendants on notice of a retaliation claim. There was a grievance procedure available to pursue this retaliation claim; Plaintiff, however, failed to alert the facility to his claim, and thus failed to exhaust his administrative remedies. The time for Plaintiff to exhaust his administrative remedies has likely expired, warranting dismissal with prejudice. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 240 (W.D.N.Y. 2010). However, since this issue does not appear to have been briefed, and in deference to Plaintiff's pro se status, the Court will dismiss this action without prejudice. *See Salim v. Patnode*, No. 18-cv-57, 2018 WL 6381059, at *3, 2018 U.S. Dist. LEXIS 205998, at *6 (N.D.N.Y. Dec. 6, 2018).

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Lovric's recommendation (Dkt. No. 45) that Defendant's motion be granted and that the complaint be dismissed without prejudice is **ADOPTED** for the reasons set forth above; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 33) is **GRANTED** and Plaintiff's complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**

Dated: February 13, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge